# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GOVERNMENT OF IBERIA PARISH | * | CIVIL ACTION NO. 6:14-2985 |
| VERSUS | * | JUDGE DOHERTY |
| SHANE ROMERO | * | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION ON ATTORNEYS' FEES

Pending before the undersigned for report and recommendation is Defendant Shane Romero's ("Romero") Motion for Attorney's Fees pursuant to 42 U.S.C. § 1988 or, alternatively, pursuant to this Court's inherent authority to award same, filed on June 19, 2015. [rec. doc. 30]. Plaintiff, Iberia Parish Government ("IPG"), filed opposition on July 1, 2015. [rec. doc. 35]. Romero filed a reply on July 17, 2015. [rec. doc. 41].

For the following reasons, I recommend that the motion be **GRANTED IN PART.**

## Background

On October 10, 2014, IPG filed this action against Romero asserting claims under 42 U.S.C. § 1983 for violation of the separation-of-powers doctrine, under § 1983 for violation of the right to due process under the Fourteenth Amendment, and for injunctive relief under the "Abuse of Right" doctrine pursuant to Article I, Section 7 of the Louisiana Constitution. On January 7, 2015, Romero filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6).

In the motion to dismiss, Romero argued that this lawsuit should not have been filed in federal court. Rather, Romero asserts, this "convoluted" action is "an awkward contortion" of Section 1983 in an attempt to create "federal question" subject matter jurisdiction where none exists. [rec. doc. 7, p. 1]. Romero contended that IPG's claims actually are "a poorly veiled attempt to use the federal courts to settle a local political dispute."

On May 11, 2015, the undersigned issued a Report and Recommendation recommending that the Motion to Dismiss [rec. doc. 7] be granted, and that all of plaintiff's claims be dismissed without prejudice. [rec. doc. 28]. By Judgment dated June 10, 2015, Judge Doherty issued a Judgment adopting the Report and Recommendation, granting the motion to dismiss, and dismissing plaintiff's claims without prejudice. [rec. doc. 29].

On June 19, 2015, Romero filed the instant Motion for Attorney's Fees. [rec. doc. 30].

## Law and Analysis

### *Substantive Claims*

Romero seeks attorney's fees against IPG pursuant to 42 U.S.C. § 1988 or, alternatively, pursuant to this Court's inherent authority to award same. IPG argues that Romero is not entitled to fees because he was not a "prevailing party" under § 1988. IPG

further asserts that its request for injunctive relief was "neither frivolous, unreasonable, or without foundation," nor did it act "in bad faith or vexatiously" toward Romero in bringing suit.

It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 415-16, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978) (*citing Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1985)). Congress has provided only limited exceptions to this rule under selected statutes granting or protecting various federal rights. *Id*. Some of these statutes make fee awards mandatory for prevailing plaintiffs; others make awards permissive but limit them to certain parties, usually prevailing plaintiffs. *Id*. However, many of the statutes are more flexible, authorizing the award of attorney's fees to either plaintiffs or defendants, and entrusting the effectuation of the statutory policy to the discretion of the district courts. *Id*.

Title VII of the Civil Rights Act of 1964 falls into this last category, providing that a district court may in its discretion allow an attorney's fee to the prevailing party. *Id*. However, a prevailing defendant in a Title VII case may recover an attorney's fee *only* where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. *Hensley v. Eckerhart*, 461 U.S. 424, 429 n. 2, 103 S. Ct. 1933, 1937 n. 2, 76

3

L. Ed. 2d 40 (1983) (*citing Christiansburg*, 434 at 421, 98 S.Ct. at 700 ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case *upon a finding* that the plaintiff's action was *frivolous, unreasonable, or without foundation*, even though not brought in subjective bad faith")) (emphasis added); *Neidhardt v. D.H. Holmes Co., Ltd.*, 701 F.2d 553, 554 (5th Cir. 1983). The Supreme Court has held that the *Christiansburg* standard also governs fee awards to prevailing defendants under 42 U.S.C. § 1988. *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981).

In determining whether a suit is frivolous, a district court must focus on the question of whether or not the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful. *Jones*, 656 F.2d at 1145. Factors considered important in determining frivolousness include: (1) whether the plaintiff established a *prima facie* case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial. *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). These factors are "guideposts," and frivolousness must be judged on a case-by-case basis. *See Doe v. Silsbee Indep. Sch. Dist.*, 440 Fed.Appx. 421, 425 (5th Cir. 2011) (*per curiam*). Where a claim is "so lacking in merit" as to render it groundless, it may be classified as frivolous. *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991).

Thus, before a defendant is entitled to recover his attorney's fees under Title VII, the Court must make a finding that plaintiff's action was frivolous.

Here, the undersigned finds that Romero is a prevailing party on two of the three Counts of the Complaint that were dismissed on Rule 12(b)(6) grounds – Count 1 under § 1983 for violation of the separation-of-powers doctrine, and Count II for violation of IPG's right to due process rights under the Fourteenth Amendment.

As to Count 1, the undersigned found no authority which would grant jurisdiction pursuant to § 1983 to this Court to decide a case which asserted a cause of action based on an alleged violation of the separation-of-powers provisions of a local government charter.  Thus, I recommended dismissal of this claim under Rule 12(b)(6) for failure to state a claim.

Clearly, Romero was a "prevailing party" as to this claim. The question thus becomes whether this claim can be characterized as "vexatious, frivolous, or was brought to harass or embarrass" Romero. The Court cannot so characterize this claim.

The allegations made against Romero are detailed factual allegations which were pled with specificity. The pleadings assert a long-standing dispute between IPG and the Parish President, Errol "Romo" Romero ("Romo"), Shane Romero's father. The allegations in the complaint, taken as true, detail a long history of, depending on one's point of view, usurpation of legislative authority by Romo and Shane Romero, or

troublesome meddling and overreaching by the Parish Council.

The parties filed lengthy briefs, showing extensive research, on the issue. The Court independently exhaustively researched the issue. No factually similar case was cited to the Court; the Court's own research disclosed no such case. Accordingly, the Court's recommendation was based on its analysis of § 1983, and the cases interpreting § 1983, that gave some guidance as to the basic legal principles involved.

The Court recommended dismissal of Count 1 because the Court believed, and still believes, that § 1983 did not provide a remedy, not that the facts pled were untrue or beyond belief. There was some support in the jurisprudence that the IPG was a "person" for § 1983 purposes; the Court simply did not believe that § 1983 could be extended to the facts pled here.

Similarly, there was some support in the jurisprudence for the legal assertion that the separation-of-powers doctrine was designed to prevent the type of action which IPG alleged that Romo and his son Shane undertook in this case. Again, the Court felt, and still feels, that the separation-of-powers assertions were not within the ambit of § 1983. No case was found so holding, however. At the conclusion of its research, the Court simply believed that the suit filed by IPG was too much of a "reach"; a step too far beyond the current bounds of the law.

That does not make the claim by IPG vexatious, frivolous or harassing. As the Supreme Court said in *Christiansburg*, a Title VII case:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 421-422, 98 S.Ct. at 700-701.

To award attorneys fees on this Count would be to engage in the *very post hoc* reasoning which the Supreme Court has specifically cautioned against. This could well discourage counsel from arguing for reasonable extensions of the law in other cases. This the Court should not, and will not, do.

The motion for attorneys fees based on the dismissal of Count II of the complaint requires a different result. In that Count, IPG alleges that Romero, acting through the Office of the Parish President, deprived the other branches of government of their right to the use of their property, specifically the offices of parish government, for the proper and efficient administration of governmental function. In effect, IPG alleged that Romero ignored the rules and resolutions of the Parish Council because his father was

7

the Parish President and he was therefore above the law.

Arguably, those allegations, generously construed, might allege a violation of rights guaranteed to IPG by the Parish Charter and perhaps the Constitution of Louisiana. Were that the only issue presented in Count II, the undersigned would recommend against allowing the recovery by Romero of the fees paid to his attorneys. However, as is set out in the Recommendation to dismiss [rec. doc. 28], there is no authority that a governmental entity, state or local, possesses 14th Amendment due process rights. All of the authority found by the undersigned was to the contrary; no authority in support of the position of IPG has been brought to the attention of the Court, nor, again, has the Court found any.[1]

Under these circumstances, the Court, being unaware of any authority to support the assertion that the IPG possesses 14th Amendment due process rights, is compelled to recommend that Count II of the complaint be held frivolous, there being no reasonable legal argument which could be made that the IPG possesses 14th Amendment due process rights.

Regarding the state law claims, the undersigned does not find that they are frivolous. IPC argued that this Court had supplemental jurisdiction under 28 U.S.C. § 1367 to adjudicate its claim arising under the Louisiana Constitution. The decision to

---

[1] See rec. doc. 28, pp. 11-12 for authorities.

exercise or decline supplemental jurisdiction over the state law claims was entirely within the discretion of this Court. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

Here, the Court found that the values of judicial economy, convenience, fairness, and comity justified dismissal without prejudice of Shane Romero's Louisiana state law claims. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51, 108 S.Ct. 614, 619 (1988). The state law claims were not dismissed because they were frivolous, unreasonable or without foundation. Accordingly, the undersigned finds that Romeo was not a prevailing on the dismissal of the state law claims made in Count III.

## CONCLUSION

For the foregoing reasons, it is recommended that Defendant Shane Romero's Motion for Attorney's Fees [rec. doc. 30] be **GRANTED IN PART.** The Court recommends that Shane Romero be awarded those attorneys fees which relate to the defense of Count II of the complaint, and those fees which relate to drafting the motion and memorandum in support of the dismissal of Count II of the complaint, and only those fees.

Because of the short time that the undersigned has remaining on this Bench and because essentially all of the litigation in this case took place before the undersigned, and because the undersigned is, therefore, the judicial officer who may well be in the

best position to judge the relative time spent in the defense of all three Counts in the complaint, the undersigned would note that it is difficult to conceive that more than one-third of the attorneys fees charged to Shane Romero in this case are related to Count II.[2]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL**

---

[2] Obviously, the undersigned makes no ruling in this regard because the issue has not been briefed and is not before the undersigned for decision. Because of the peculiar situation caused by the undersigned's impending retirement, and because the undersigned cannot conceive of a way that the attorneys fees issue could be referred to me in the event that this recommendation is accepted, the undersigned (albeit hesitantly), makes this observation.

**FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996); *U.S. EX REL. STEURY V. CARDINAL HEALTH, INC.*, 735 F.3D 202, 205, N. 2 (5TH CIR. 2013).

Signed August 25, 2015, Lafayette, Louisiana.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE